IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARK MAYLE and BETTI MAYLE,

      Plaintiffs,

v.                                Civil Action No. 5:05CV113
                                       (STAMP)

MASHUDA CORPORATION,

      Defendant.


**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I.  Procedural History

    This deliberate intention action arises out of a work-related incident that allegedly occurred on August 11, 2003 in which employee, Mark Mayle, allegedly sustained injuries as a result of the truck loading technique of a co-worker. Plaintiffs, Mark and Betti Mayle, filed a complaint in the Circuit Court of Ohio County, West Virginia, against the defendant employer, Mashuda Corporation ("Mashuda"), alleging that the defendant was responsible for injuries sustained by Mr. Mayle while working for Mashuda. Plaintiffs sued for damages resulting from Mr. Mayle's injuries as well as Mrs. Mayle's loss of consortium.

    The action was removed to federal court on the basis of diversity jurisdiction. The defendant filed a motion for summary judgment to which the plaintiffs responded. Subsequently, the plaintiffs filed a supplemental response in which they requested that the defendant's motion for summary judgment be denied and that

a continuance to permit further discovery be granted. In support of the motion for a continuance of discovery, the plaintiffs' counsel submitted an affidavit pursuant to Federal Rule of Civil Procedure 56(f). The defendant filed a reply to the plaintiffs' request for additional discovery pursuant to Rule 56(f). The defendant did not reply to the substantive issues raised in the plaintiffs' initial response.

## II. <u>Facts</u>

Mark Mayle was employed by Mashuda to drive trucks on a job site in Weirton, West Virginia. The plaintiffs allege that on August 11, 2003, Mr. Mayle sustained permanent and serious injuries while the truck he was operating was being loaded by co-worker, John Smith. Specifically, the plaintiffs allege the occurrence of two incidents. The plaintiffs claim that the first incident occurred at approximately 8:30 p.m. when Mr. Mayle pulled up to the hoe that John Smith was operating and sat in the truck while waiting for John Smith to load it with material. Mr. Mayle alleges that after two buckets of fine material were loaded into the truck, John Smith dropped a third bucket into the truck from an unsafe height causing Mr. Mayle to be jarred into unconsciousness and to fall into the passenger seat of the truck cabin. Mr. Mayle also claims that upon impact, he saw a blue flash and momentarily lost his vision.

The plaintiffs allege that a second incident occurred on the last load of Mr. Mayle's shift. Mr. Mayle alleges that he returned to John Smith's hoe and that Mr. Smith again dropped materials into his truck from an unsafe height and caused Mr. Mayle further injury. Neither incident appears to have been witnessed by a supervisor, and Mr. Mayle did not report either incident to management before leaving work early after complaining to foreman Frank Sharp of a headache and sore throat.

The plaintiffs claim that Mr. Mayle's injuries were a direct and proximate result of intentional exposure by Mashuda to a known unsafe and hazardous working condition created by John Smith's loading technique. The plaintiffs allege that Mashuda failed to properly train John Smith and failed to address and correct Mr. Smith's improper loading technique after co-workers complained. Based on the deliberate intention exception to the West Virginia workers' compensation statute, the plaintiffs allege that they are entitled to further compensation for Mr. Mayle's injuries in excess of any amount received from his workers' compensation claim.

### III. <u>Applicable Law</u>

Under Federal Rule of Civil Procedure 56(c), summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment

as a matter of law."  The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." <u>Temkin v. Frederick County Comm'rs</u>, 945 F.2d 716, 718 (4th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1095 (1992)(citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986)).

"[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  <u>Anderson,</u> 477 U.S. at 256. The Court must perform a threshold inquiry to determine whether a trial is needed -- whether, in other words, "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  <u>Id.</u> at 250; <u>see also</u> <u>Charbonnages de France v. Smith</u>, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.") (citing <u>Stevens v. Howard D. Johnson Co.</u>, 181 F.2d 390, 394 (4th Cir. 1950))).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon

motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## IV. Discussion

### A. Rule 56(f) Affidavit

Plaintiffs' counsel filed an affidavit requesting an order of continuance pursuant to Federal Rule of Civil Procedure 56(f) to conduct additional discovery. In support of their request for continuance, the plaintiffs state that once they are afforded the opportunity to obtain further deposition testimony of key witnesses there will be more evidence to support a jury verdict in favor of the plaintiffs. Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).

Rule 56(f) provides a mechanism for a party to request additional discovery in order to adequately respond to a motion for summary judgment. A moving party seeking such additional discovery must file a formal affidavit setting forth (1) the particular facts sought; (2) how those facts are reasonably expected to create a genuine issue of material fact; (3) what efforts have been made to obtain these facts; and (4) why the efforts were unsuccessful. See Gurary v. Winehouse, 190 F.3d 37, 43 (2d Cir. 1999). Similarly, the United States Court of Appeals for the Fourth Circuit has held that a party filing a Rule 56(f) affidavit is obligated to "particularly specif[y] legitimate needs for further discovery." Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995).

In this case, the plaintiffs have failed to adequately set forth in their Rule 56(f) affidavit what efforts have been made to obtain the additional facts they seek and why those efforts were unsuccessful. Additionally, although the plaintiffs indicate that further discovery will assist them in the trial of this matter, they do not articulate how such information is needed to properly respond to Mashuda's motion for summary judgment. Therefore, this Court finds that the plaintiffs show no convincing need in their Rule 56(f) affidavit for further discovery.

B.   Loss of Consortium

In the plaintiffs' complaint, Betti Mayle asserts a claim for loss of consortium of her husband as a result of his injuries. The defendant argues that the claim must fail because the plaintiffs were not married until September 2, 2004 -- over one year after the incident at issue in this case. In their response, the plaintiffs state that they do not oppose the dismissal of Betti Mayle's loss of consortium claim. Accordingly, summary judgment is granted for the defendant on the loss of consortium claim.

C.   Deliberate Intention

The West Virginia Workers' Compensation Act affords covered employers immunity from suit for damages resulting from the work-related injuries of their employees. W. Va. Code §§ 23-2-6 and 23-2-6a; Reed v. E.I. Du Pont de Nemours & Co., 109 F. Supp. 2d 459, 464 (2000). An exception exists to this general immunity,[1] where an employer acted with "deliberate intention" to cause the injuries sustained by an employee. See W. Va. Code § 23-4-2(d); see also Mandolidis v. Elkins Industries, Inc., 161 W. Va. 695 (1978).

For an employee to recover against a covered employer, the employee must show in at least one of two ways that the employer acted with deliberate intention. First, the plaintiff may show

---

[1]The exception is commonly referred to as the "Mandolidis exception."

that the employer "acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to an employee." W. Va. Code § 23-4-2(d)(2)(i). To recover under this test, the plaintiff must make "a showing of an actual, specific intent" to cause injury. Id. Here, the plaintiffs have not alleged that such actual, specific intent existed, nor have the plaintiffs alleged any facts that demonstrate such intent. Therefore, this Court finds the plaintiffs have no cause of action pursuant to § 23-4-2(d)(2)(i).

Second, in the absence of proof of actual intent to injure, the employee may recover by proving each of the following five elements:

(A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

(B) That the employer had a subjective realization and an appreciation of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;

(C) That the specific unsafe working condition was in violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

(D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, the employer nevertheless thereafter

exposed an employee to the specific unsafe working condition intentionally; and

(E) That the employee exposed suffered serious injury or death as a direct and proximate result of the specific unsafe working condition.

W. Va. Code § 23-4-2(d)(2)(ii)(A)-(E)(2004).[2]  To prevail over a motion for summary judgment by the employer, the plaintiff employee must make a prima facie showing of dispute on each of the five statutory factors supporting application of the "deliberate intention" exception to his covered employer's statutory immunity. Gaus v. Consol, Inc., 294 F. Supp. 2d 815, 819 (2002).  The plaintiffs fail to make such a showing.

Mashuda argues that it is entitled to summary judgment because Mr. Mayle cannot, under any view of the facts, establish all five

---

[2]The 2004 version of West Virginia Code § 23-4-2(d)(2)(ii) is applicable because the plaintiff's complaint was filed on June 30, 2005.  The amended version of the statute did not come into effect until July 1, 2005.  The plaintiffs argue that since the defendant relies on the amended version of the statute, its motion for summary judgment must be denied because it misstated the applicable standard of law.  Although the defendant did cite the wrong version of the statute in its motion for summary judgment, the error is harmless.

The amended version changed the words "subjective realization" to "actual knowledge" in subsection (B) of the deliberate intention exception.  This change did not have a substantive effect, however, because the West Virginia Supreme Court of Appeals had previously held that "actual knowledge" was required to satisfy subsection (B).  See Blevins v. Beckley Magnetite, Inc., 408 S.E.2d 385, Syl. Pt. 3 (W. Va. 1991).

The amended version also changed subsection (C) to require that well-known industry safety practices be demonstrated by "written standards or guidelines which reflect a consensus safety standard in the industry or business."  This Court will apply the 2004 version of the statute in this case, which does not require that industry standards be "written."

elements of a deliberate intention claim pursuant to West Virginia Code § 23-4-2(d)(2). This Court agrees.

1.  <u>Subjective Realization</u>

Mashuda contends that the plaintiffs cannot prove the subjective element under subsection (B) of the test for deliberate intent. Specifically, Mashuda argues that the plaintiffs cannot show that Mashuda had a subjective realization that the loading technique of John Smith was a "specific unsafe working condition" that presented a "high degree of risk" and a "strong probability of serious injury or death." W. Va. Code § 23-4-2(d)(2)(ii)(B). Mashuda asserts that it could not have actually known that John Smith's loading technique was unsafe because no similar accidents occurred prior to Mr. Mayle's injury and because only one employee complaint was entered into the company log books concerning the loading technique of Mr. Smith. Mashuda states that it investigated the logged complaint, which was about John Smith's loading of large rock, and then advised Mr. Smith to "take it easy with large rock." The plaintiffs argue, on the other hand, that Mashuda had actual knowledge in this case because Mr. Mayle testified at his deposition that he had complained about John Smith's loading technique to foreman Frank Sharp on three or four occasions and that two co-workers had also complained to the foreman on two separate occasions.

The "subjective realization" requirement of subsection B "is not satisfied merely by evidence that the employer reasonably should have known of the specific unsafe working condition and of the strong probability of serious injury or death presented by that condition. Instead, it must be shown that the employer actually possessed such knowledge." Blevins v. Beckley Magnetite, Inc., 408 S.E.2d 385, Syl. Pt. 3 (W. Va. 1991). "Actual knowledge" may be proved by evidence of prior similar incidents on the job close in time to the alleged incident, specific complaints to management regarding the alleged specific unsafe working condition, or inspections of the area by the employer that reveal the specific unsafe working condition. See id.; Sias v. W-P Coal Co., 408 S.E.3d 321 (W. Va. 1991).

In this case, no evidence has been presented that any accidents previously occurred as a result of John Smith's loading technique. Additionally, only one complaint was entered in Mashuda's log book regarding Mr. Smith's technique for loading large rock. Mr. Mayle testified in his deposition that further complaints were made by himself and co-workers, Ross Batalio and Larry Gerber. However, no evidence has been shown that Mashuda received any complaints concerning John Smith's loading technique for fine material. Rather, the evidence indicates that on August 11, 2003, John Smith acted contrary to management expectation by

releasing fine material into the bed of Mr. Mayle's truck from a significant height.

"[W]here an employee creates a specific unsafe working condition by not following expected procedures, a deliberate intention action cannot be maintained against the employer." <u>Mumaw v. U.S. Silica Co.</u>, 511 S.E.2d 117 (W. Va. 1998)(finding that employer had no actual knowledge that employee failed to close trap door as instructed). The evidence does not reveal that Mashuda, by and through its supervisors, was aware that John Smith was releasing loads of fine material from significant heights. In fact, a Mashuda supervisor had previously told Mr. Smith to "take it easy" when releasing loads of large rock. Accordingly, because John Smith acted contrary to expectation and instruction, no genuine issue of material fact exists as to the subjective element and Mashuda is entitled to judgment as a matter of law.

2. <u>Violation of Safety Statute, Rule, Regulation, or Standard</u>

In its motion for summary judgment, Mashuda argues that the plaintiffs cannot satisfy subsection C by showing any violation of a state or federal safety statute, rule, or regulation or of a commonly accepted and well-known safety standard within the industry. The plaintiffs assert that Mashuda was in violation of federal Occupational Safety and Health Administration ("OSHA") standard 29 C.F.R. § 1926.550. The plaintiffs rely heavily on the

opinion of their expert witness and engineering consultant, Dr. Donald Lyons. In a letter to plaintiffs' counsel, Dr. Lyons expressed the opinion that John Smith's loading technique violated 29 C.F.R. § 1926.550 and industry standards. The defendant's two experts, Dr. Harry Brady and Dr. Gary Winn, have expressed opinions that Mashuda did not violate any OSHA regulations or industry standards.

OSHA standard 29 C.F.R. § 1926.550 provides safety regulations for the operation of "cranes and derricks." A plain reading of the regulation reveals that its application is limited to the operations of "any and all cranes and derricks." In this case, John Smith was operating a loader. Because a loader is not a crane or a derrick, 29 C.F.R. § 1926.550 does not apply here. Further, the plaintiffs have presented no evidence to create a genuine issue of material fact regarding the existence of any commonly-accepted industry safety standard which Mashuda could be found to have violated. Accordingly, the plaintiffs have not shown a genuine issue of material fact as to the objective element of the deliberate intention exception, and the defendant is thus entitled to judgment as a matter of law under subsection C as well as subsection B, as discussed above.

## V. <u>Conclusion</u>

For the above-stated reasons, the defendant's motion for summary judgment is GRANTED. Further, the plaintiffs' request

pursuant to Federal Rule of Civil Procedure 56(f) for an order of continuance to permit further discovery is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   March 27, 2007


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE